UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIANG LI,<br><br>       Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, SENIOR WARDEN, OTAY MESA DETENTION CENTER; KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; PATRICK DIVVER, FIELD OFFICE DIRECTOR, SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; SIRCE OWEN, ACTING DIRECTOR OF THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW (EOIR), U.S. DEPARTMENT OF JUSTICE; PAMELA BONDI, ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE,<br><br>       Respondents. | Case No.: 3:26-cv-448-JES-VET<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO DISMISS THE MOTION TO ENFORCE JUDGMENT; and**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION TO ENFORCE JUDGMENT**<br><br>**[ECF Nos. 11, 16]** |

1

Before the Court is Petitioner Xiang Li's: (1) Motion to Enforce this Court's Order, (ECF No. 6), requiring Respondents to provide Petitioner with a constitutionally adequate bond hearing ("Motion to Enforce"). ECF No. 11; and (2) Motion to Dismiss the Motion to Enforce for Mootness ("Motion to Dismiss"). ECF No. 16.

On January 29, 2026, Petitioner Xiang Li ("Petitioner") filed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On February 5, 2026, the Court Granted Petition in Part and Ordered Respondents to provide Petitioner with a bond determination hearing, under 8 U.S.C. § 1226(a), within ten days. *See* ECF No. 6. The Court also required Respondents to file a Notice of Compliance within five days of said bond hearing. *See id.*

On February 24, 2026, Respondents filed an untimely Notice of Compliance. ECF No. 9. The Notice reported that a timely bond hearing took place in which an immigration judge denied Petitioner bond, finding that Petitioner failed to establish that he was not a danger to the community, and that he was not a flight risk. *Id.*

On May 2, 2026, Petitioner filed the Motion to Enforce, arguing that the provided bond hearing did not comply with this Court's previous Order or with the constitutional requirements of due process. Mot. at 7-9. Pursuant to the Court's briefing schedule for the Motion, Respondents filed a Response, and Petitioner filed a Reply. ECF Nos. 13, 14. The Court, thereafter, took the matter under submission.

On July 1, 2026, Petitioner filed a Notice of Changed Circumstances, informing the Court that Respondents had granted him Asylum. ECF No. 15; *see* ECF No. 15-1. This Notice also made clear that since Petitioner had not yet been released, he still asserted his previously requested relief that was set forth in his Motion to Enforce. ECF No. 15. On July 13, 2026, Petitioner advised the Court of his release from immigration custody and filed a Motion to Dismiss the Motion to Enforce for Mootness. ECF No. 16.

As the Motion to Enforce sought custody-related relief based on Petitioner's continued detention, including immediate release or a new custody redetermination

//

hearing, the Court finds that Petitioner's release moots this issue. Accordingly, the Court **GRANTS** the Motion to Dismiss and **DENIES AS MOOT** the Motion to Enforce.

    **IT IS SO ORDERED.**

Dated: July 14, 2026

Honorable James E. Simmons Jr.
United States District Judge

3

3:26-cv-448-JES-VET